IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 1 8 2013

JULIA C. DUDLEY, CLERK
BY: /s/ N. Moore
    DEPUTY CLERK

| | |
|---|---|
| LIBERTY UNIVERSITY SCHOOL OF LAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 6:13CV00033 |
| ) | |
| CITIZENS INSURANCE COMPANY OF AMERICA, ) | |
| Serve: CT Corporation System ) | |
|    Registered Agent for Citizens Insurance Company ) | |
|    Of America ) | |
|    4701 Cox Road, Suite 301 ) | |
|    Glen Allen, VA, 23060 ) | |
| ) | |
| HANOVER AMERICAN INSURANCE COMPANY ) | |
| Serve: CT Corporation System ) | |
|    Registered Agent for Citizens Insurance Company ) | |
|    Of America ) | |
|    4701 Cox Road, Suite 301 ) | |
|    Glen Allen, VA, 23060 ) | |
| ) | |
| HANOVER INSURANCE COMPANY ) | |
| Serve: CT Corporation System ) | |
|    Registered Agent for Citizens Insurance Company ) | |
|    Of America ) | |
|    4701 Cox Road, Suite 301 ) | |
|    Glen Allen, VA, 23060 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Liberty University School of Law ("Liberty"), by counsel, sets forth the following as its Complaint for declaratory relief against Citizens Insurance Company of America, Hanover American Insurance Company and Hanover Insurance Company (collectively, "Hanover").

1

## THE PARTIES

1. Liberty University School of Law is a school within Liberty University, which is a Virginia Corporation with its principal place of business in Lynchburg, Virginia. The purpose of Liberty University School of Law is to prepare its students to think, analyze and communicate through the analytical grid of a comprehensive Christian worldview.

2. Citizens Insurance Company of America ("Citizens") is a stock corporation organized under the laws of the state of Michigan. Citizens maintains a principal place of business in Howell, Michigan. Citizens regularly conducts business in the Commonwealth of Virginia and is registered with the Virginia State Corporation Commission for that purpose.

3. Hanover American Insurance Company ("Hanover American") is a stock corporation organized under the laws of the state of New Hampshire. Hanover American maintains a principal place of business in Worcester, Massachusetts. Hanover American regularly conducts business in the Commonwealth of Virginia and is registered with the Virginia State Corporation Commission for that purpose.

4. Hanover Insurance Company ("Hanover Insurance") is a stock corporation organized under the laws of the state of New Hampshire. Hanover Insurance maintains a principal place of business in Worcester, Massachusetts. Hanover Insurance regularly conducts business in the Commonwealth of Virginia and is registered with the Virginia State Corporation Commission for that purpose.

## JURISDICTION

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy substantially exceeds $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over the parties to this action as each of the parties is duly registered to transact business, and regularly transacts business, in Virginia. Thus, each of the defendants have the necessary minimum contacts with Virginia to justify personal jurisdiction in this Court.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391 on the grounds that Defendants are subject to personal jurisdiction in this judicial district and that all or part of this cause of action arises in this jurisdiction. Specifically, one or more of the defendants sold and delivered the insurance policies in question to Liberty in Lynchburg, Virginia.

## FACTUAL ALLEGATIONS

8. Liberty purchased a policy of liability insurance from Hanover for the policy period beginning February 1, 2009 and ending on February 1, 2010 ("Liability Policy"). The Liability Policy provides "occurrence based" coverage, meaning that the policy issued for the 2009-2010 policy year is the appropriate policy for purposes of this action for declaratory judgment. A copy of the Liability Policy (Policy No. ZZR 4908180-00) is attached as Exhibit A.

9. Liberty also purchased an umbrella policy from Hanover for the policy period beginning February 1, 2009 and ending on February 1, 2010 ("Umbrella Policy"). The Umbrella Policy provides "occurrence based" coverage, meaning that the policy issued for the 2009-2010 policy year is the appropriate policy for purposes of this action for declaratory judgment. A copy of the Umbrella Policy (Policy No. UHR 4908175-00) is attached as Exhibit B.

10. Liberty also purchased a School and Educators Endorsement to the Liability Policy from Hanover for the policy period beginning February 1, 2012 and ending February 1, 2013. The School and Educators Endorsement provides "claims made" coverage, meaning that

the endorsement issued for the 2012-2013 policy year is the appropriate policy for purposes of this action for declaratory judgment. A copy of the School and Educators Legal Liability Form and Declarations for the 2012-2013 policy year is attached as Exhibit C.

11. On or about August 14, 2012, Janet Jenkins filed a Complaint against Liberty and numerous other defendants in the United States District Court for the District of Vermont under case number 2:12-cv-184 ("Jenkins Complaint"). A copy of the Jenkins Complaint is attached as Exhibit D.

12. At the time of filing of this Complaint, the lawsuit initiated by the Jenkins Complaint is still pending for adjudication in Vermont.

13. Liberty timely notified Hanover of the Jenkins Complaint and demanded that Hanover provide Liberty with a defense against the claims asserted in the Jenkins Complaint. Liberty has substantially complied with the conditions of the Liability Policy and the Umbrella Policy and with all obligations incumbent upon Liberty under the terms of those policies.

14. By letter dated September 26, 2012, Hanover denied coverage to Liberty under the Liability and Umbrella Policies for all claims asserted in the Jenkins Complaint. A copy of the September 26, 2012 denial letter is attached as Exhibit E.

15. Liberty responded to Hanover's denial by letter dated January 18, 2013, explaining why Hanover's coverage position was unfounded. A copy of Liberty's response is attached as Exhibit F.

16. By letter dated March 25, 2013, Hanover replied to Liberty's letter and maintained its refusal to provide a defense or indemnity to Liberty under the Liability and/or Umbrella Policies. A copy of the Hanover's reply letter is attached as Exhibit G.

## COUNT I – DECLARATORY JUDGMENT

17. Liberty incorporates by reference the allegations in paragraph 1-16 of this Complaint as if set forth fully herein.

18. Pursuant to the terms of the relevant policies, Liberty is entitled to a defense and/or indemnity from Hanover against the claims asserted against it in the Jenkins Complaint.

19. Liberty has complied with its obligations under the relevant insurance policies and has requested that Hanover provide Liberty with a defense and indemnity against the claims asserted against Liberty in the Jenkins Complaint.

20. Despite Liberty's repeated requests, Hanover has refused to provide Liberty with a defense and/or indemnity against the claims asserted against Liberty in the Jenkins Complaint.

21. Thus, a substantial, justiciable and actual controversy exists concerning whether Liberty is entitled to a defense and/or indemnity from Hanover pursuant to the insurance policies for the claims asserted against Liberty in the Jenkins Complaint.

22. Liberty has already incurred substantial costs, fees and expenses to defend itself against the Jenkins Complaint. Liberty is entitled to reimbursement of those costs, fees and expenses from Hanover.

WHEREFORE, Liberty respectfully requests that the Court grant declaratory relief, pursuant to 28 U.S.C. § 2201, in the form of an order:

(i) declaring that Hanover has a legal obligation under the relevant insurance policies to defend and indemnify Liberty against the claims asserted against Liberty in the Jenkins Complaint;

(ii) declaring that Hanover is in breach of its legal obligations by refusing to provide Liberty with a defense and indemnity against the claims asserted against Liberty in the Jenkins Complaint; and

(iii) declaring that Hanover is required to reimburse Liberty for the costs, fees and expenses that Liberty has already incurred in defending itself against the claims asserted against it in the Jenkins Complaint.

LIBERTY UNIVERSITY SCHOOL OF LAW



By: _____
Of Counsel

Calvin W. Fowler, Jr. (VSB 27982)
Harold E. Johnson (VSB 65591)
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6000
804.420.6507 (Fax)
wfowler@williamsmullen.com
hjohnson@williamsmullen.com

21808190_1